UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHIL HAROLD BARBERG, </br></br> Petitioner, </br></br> v. </br></br> KENNETH QUINN, </br></br> Respondent. | Case No. C06-845-MJP-JPD </br></br> REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Phil Harold Barberg, a former state prisoner previously incarcerated at the Monroe Correctional Complex in Monroe, Washington, proceeds *pro se* and *in forma pauperis* in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 4. Respondent has filed an answer to the petition, in which he argues that petitioner's claims are barred by operation of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. No. 10. After careful consideration of the petition, response, governing law and the balance of the record, the Court recommends that petitioner's § 2254 petition be DENIED as untimely and his case DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II. FACTS AND PROCEDURAL HISTORY

On July 1, 1998, petitioner pleaded guilty to one count of first-degree child molestation and one count of indecent liberties in Snohomish County Superior Court. Dkt. No. 12, Ex. 1 at 1. Seven days later, that court entered judgment against petitioner, imposing a prison sentence of eighty-nine months. *Id.* Exs. 1, 1A. However, upon a finding that petitioner was eligible for Washington's special sex offender sentencing alternative ("SSOSA"), the superior court suspended all but six months of that term on the condition that petitioner complete specified treatment while on community supervision for the length of the suspended term. *Id.* Ex.1 at 5.[1] On July 27, 1999, after petitioner violated the terms of his SSOSA-imposed conditions, the court revoked his suspended sentence and sent him to prison for the remainder of his eighty-nine month term. *Id.* Ex. 2.

Petitioner did not appeal his conviction. Instead, on August 3, 2005, he filed a personal restraint petition ("PRP") in Division One of the Washington Court of Appeals. *Id.* Ex. 3.[2] On February 16, 2006, the court of appeals dismissed the PRP as time-barred under R.C.W. § 10.73.090 and, in the alternative, meritless. Dkt. No. 12, Ex. 4. Petitioner then filed a motion for discretionary review in the Washington Supreme Court, raising the same claims (save for the argument based on Washington's evidentiary rules). *Id.* Ex. 5. Review was denied by the Supreme Court Commissioner on May 3, 2006. *Id.* Ex. 6. Petitioner made no motion to modify the Commissioner's ruling.

---

[1] The original judgment and sentence of the superior court mistakenly specified the total length of petitioner's term to be six months, not eighty-nine months. This clerical error was corrected by the superior court's August 28, 1998 Order Amending Judgment and Sentence *Nunc Pro Tunc*, which specified that six of the eighty-nine months would be served in prison, with the remaining eighty-three months suspended pending completion of the specified treatment. Dkt. No. 12, Ex. 1A.

[2] This petition included all nine arguments made in petitioner's § 2254 petition, *see infra* § III, as well as an evidentiary argument under Washington law. *See* Dkt. No. 12, Ex. 3 at 7-51.

REPORT AND RECOMMENDATION
PAGE - 2

On June 16, 2006, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. Nos. 1-1, 4. Service was directed by this Court on July 7, 2006. Dkt. No. 5. On August 14, 2006, respondent filed an answer to the petition and submitted the relevant state court record. Dkt. Nos. 10-12. Petitioner's § 2254 petition and the complete record in this case are now before the Court.

## III.  CLAIMS FOR RELIEF

The petition raises at least nine claims for relief:  (1) expiration of the statute of limitation for the indecent liberties charge; (2) the superior court's August 28, 1998 Order Amending Judgment and Sentence *Nunc Pro Tunc* was improperly "used to re-sentence petitioner without notice or service of change in written sentence"; (3) the superior court's *nunc pro tunc* order constituted double jeopardy in violation of the Fifth Amendment; (4) the superior court unconstitutionally failed to credit petitioner's time spent on community custody before the SSOSA revocation; (5) the Department of Corrections is violating petitioner's rights by continuing to hold him beyond his "earned early release date based on goodtime earned"; (6) imposition of a thirty-six month period of community custody exceeds the applicable statutory maximum sentence, violating the Eighth and Fourteenth Amendments; (7) the terms of petitioner's sentence contain unconstitutional conditions; (8) improper denial of early release violates petitioner's liberty interests and constitutes cruel and unusual punishment; and (9) the thirty-six month community custody term was unconstitutionally added to petitioner's sentence at the SSOSA revocation hearing.  Dkt. No. 4

In his answer, respondent argues that petitioner's claims are barred by the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. No. 10.

## IV.  DISCUSSION

A.     <u>AEDPA's Statute of Limitations Bars Petitioner's Claims</u>

On April 24, 1996, the President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996),

REPORT AND RECOMMENDATION
PAGE - 3

which worked substantial changes in the law of federal post-conviction relief.  One of those changes was the adoption of a one-year statute of limitations for § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) states that the one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The record before the Court makes clear that petitioner's § 2254 petition was not timely filed in accordance with AEDPA's one-year statute of limitations.  Petitioner's judgment became final, for purposes of federal law, on August 8, 1998.  Dkt. No. 21, Ex. 1.[3]  Thus, petitioner had until August 9, 1999, to file his § 2254 habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (noting that AEDPA's statute of limitations commences the day after a petitioner's conviction becomes final, in accordance with Fed. R. Civ. P. 6(a)).  On June 16, 2006, almost seven years after the expiration of the federal statute of limitations, petitioner filed his proposed federal habeas corpus petition.  Accordingly, the

---

[3] Because petitioner pleaded guilty, and received a standard-range sentence, one could argue that he had no right to direct review in state court. See R.C.W. § 9.94A.585(1); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257, 1257-58 (1994) (per curiam).  This would mean that petitioner's judgment and sentence became final one day after entry.  *See Patterson*, 251 F.3d at 1245-46; Fed. R. Civ. P. 6(a).  However, even if the Court were to consider the conviction final on August 8, 1998 upon expiration of Wash. R.A.P. 5.2(a)'s thirty-day direct review window, petitioner's § 2254 petition would still be time-barred under 28 U.S.C. § 2244(d)(1).

REPORT AND RECOMMENDATION
PAGE - 4

01  petition is time-barred under § 2244(d)(1).  The only circumstance under which the petition

02  would not be time-barred is if AEDPA's statute of limitations was tolled.

03        B.        AEDPA's Tolling Provisions Do Not Save Petitioner's Claims

04        As noted above, petitioner filed a collateral attack against his judgment and sentence in

05  this matter on August 3, 2005.  *See* Dkt. No. 12, Ex. 3.  AEDPA contains a provision that

06  tolls the statute when such an attack is filed in state court.  *See* 28 U.S.C. § 2244(d)(2).

07  Additionally, AEDPA's statute of limitations is subject to equitable tolling under certain

08  circumstances.  Neither of these provisions, however, save the present petition from being

09  time-barred under § 2244(d)(1).

10              1.      *Statutory Tolling*

11        AEDPA's statute of limitations may be tolled for "the time during which a properly

12  filed application for State post-conviction or other collateral review with respect to the

13  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, a PRP that is

14  properly filed prior to the running of the statute of limitations tolls that period.  In this case,

15  however, petitioner filed his PRP on August 3, 2005, after both AEDPA's statute of

16  limitations and the pertinent state-law limitations periods had expired.  *See* 28 U.S.C. §

17  2244(d)(1); R.C.W. § 10.73.090.  Petitioner's PRPs were thus not "properly filed" under §

18  2244(d)(2) and as a result, AEDPA's statutory tolling provisions do not apply.  *See Pace v.*

19  *DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that state post-conviction petition rejected by

20  state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)).

21              2.      *Equitable Tolling*

22        AEDPA's statute of limitations is also subject to equitable tolling.  *Pace*, 544 U.S. at

23  418.  The Supreme Court, however, has indicated that equitable tolling is only applicable in

24  limited circumstances.  *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("Equitable

25  tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances

26  beyond a prisoner's control make it impossible to file a petition on time.") (internal quotations

REPORT AND RECOMMENDATION
PAGE - 5

omitted). To prevail with such an argument, the petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Here, petitioner alleges no "extraordinary circumstance" beyond his control that have made it impossible for him to file a timely petition. Furthermore, no such evidence is apparent from the Court's review of the record. Petitioner's alleged ignorance of AEDPA's relevant limitations period, *see* Dkt. No. 4 at 26-27, is insufficient to meet this burden. *See, e.g.*, *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir .) (holding that prisoner's unfamiliarity with the legal process or the lack of representation during the filing period did not warrant equitable tolling of § 2244(d)(1)), *cert. denied*, 528 U.S. 1007 (1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing'" of a habeas petition) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001)). Because the petition was filed after expiration of the statute of limitations, and because no evidence justifies statutory or equitable tolling, petitioner's claims should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Consequently, it is not necessary to address the underlying substance of petitioner's arguments.

## V.  CONCLUSION

Petitioner filed his 28 U.S.C. § 2254 petition for writ of habeas corpus more than six years after the expiration of the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1). In addition, petitioner has not demonstrated that the statute should be tolled under 28 U.S.C. § 2244(d)(2), as his personal restraint proceedings in state court could not have acted to toll the period by statute, and petitioner made no equitable showing of extraordinary circumstances that made it impossible to file a petition on time. Accordingly, the Court recommends that petitioner's § 2254 petition be DENIED and his case DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

01        DATED this 29th day of January, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7