UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHIL HAROLD BARBERG,

        Petitioner,

  v.

KENNETH QUINN,

        Respondent.

No. C06-845P

ORDER OF DISMISSAL

This matter comes before the Court on a report and recommendation by the Honorable James P. Donohue, United States Magistrate Judge, regarding Petitioner Phil Harold Barberg's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the report and recommendation, Petitioner's objections, and the balance of the record, the Court finds and ORDERS as follows:

(1)    The Court agrees with Judge Donohue's recommendation that the habeas petition should be dismissed as untimely. As Judge Donohue noted, Petitioner's conviction became final on August 8, 1998. Under the applicable statute of limitations, Petitioner had until August 9, 1999 to file a habeas petition under 28 U.S.C. § 2254. Here, Petitioner did not file his habeas petition until June 2006, nearly seven years late. As a result, the petition is subject to dismissal with prejudice as untimely under 28 U.S.C. § 2244(d)(1).

(2)    In his objections, Petitioner suggests that he was unable to file a habeas petition in a timely manner because, as a convicted sex offender, "[g]oing to the prison law library would mean

ORDER - 1

1  exposing myself to risk of assault or even death once my crime was discovered" and that he "did not
2  bring his court papers with him to prison as other inmates would look for them and place petitioner at
3  risk." Petitioner appears to contend that the statute of limitations should be equitably tolled for these
4  reasons. However, as Judge Donohue noted, a petitioner seeking to invoke equitable tolling must
5  show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
6  circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has
7  not demonstrated that he pursued his rights diligently, nor does the Court regard Plaintiff's asserted
8  fears about going to the prison law library or bringing his court papers to prison as "extraordinary
9  circumstances" to justify his delay in filing this petition.

10         (3)     Petitioner also appears to suggest that counsel should be appointed to represent him.
11 There is no right to appointment of counsel in a habeas proceeding. See Bonin v. Vasquez, 999 F.2d
12 425, 429 (9th Cir. 1993). Under 18 U.S.C. § 3006A(a)(2)(B), the Court has discretion to appoint
13 counsel in habeas proceedings when the interests of justice so require. In determining whether to
14 exercise its discretion to appoint counsel, the Court must consider Petitioner's likelihood of success on
15 the merits as well as the ability of Petitioner to articulate his claims pro se in light of the complexity of
16 the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Here, Petitioner has
17 demonstrated a reasonable ability to articulate his claims on a pro se basis. In addition, Petitioner does
18 not have a likelihood of success on the merits because his petition is untimely. Therefore, the Court
19 declines to appoint counsel for Petitioner in this matter.

20         (4)     For these reasons, the Court ADOPTS the report and recommendation by Judge
21 Donohue. Petitioner's habeas petition under 28 U.S.C. § 2254 is DENIED and this case is
22 DISMISSED with prejudice.
23 //
24 //
25 //

ORDER - 2

(5) The Clerk is directed to send copies of this order to Petitioner, to all counsel of record, and to the Honorable James P. Donohue.

Dated: February 23, 2007.

                                                   s/Marsha J. Pechman
                                                   Marsha J. Pechman
                                                   United States District Judge

ORDER - 3